## JACOB VOORHEES *vs.* NEIL HENDRICKSON.

What the parties say and do after a trial before a justice and before the trial of the appeal is competent evidence on the trial of the appeal, provided it is given in by the same witnesses who were sworn before the justice.

*Certiorari* to Somerset Pleas.

Argued before Justices VREDENBURGH and WHELPLEY, at June Term, 1860.

VREDENBURGH, J. The plaintiff and the defendant had traded horses; the defendant said absolutely, the plaintiff conditionally, and the suit was brought by the plaintiff against the defendant in trover to recover the value of the one he had traded to the defendant. The plaintiff, on the appeal, swore to the trade, as he understood it, and an offer to return the animal he got, which was refused. The defendant testified to the trade, as he understood it. The plaintiff then testified that after the trial before the justice, and before the trial on the appeal, he sent word to the defendant that he must come and take away the horse the defendant had traded him, and that, in pursuance thereof, the defendant did so.

The admission of this last evidence is the only error complained of.

It is objected—first, that this evidence was not before

the justice, and therefore, under the statute (*Nix. Dig.* 399, § 45,) not admissible.

But it was by one of the witnesses examined before the justice below, and it has always been held that a witness who has been sworn before the justice may testify on the appeal to any facts within his knowledge, whether he had detailed them before the justice or not, and whether they occurred before or after the trial below.

It is next objected that this evidence was immaterial. But, in the first place, this was not urged below, and in the next place, it was a most potent admission by the defendant that the original contract was as the plaintiff contended. He takes away the very horse he says he had traded absolutely to the plaintiff. He could only do this upon the assumption that the original contract was conditional. If we reverse, the defendant gets both horses, and pays nothing for either.

WHELPLEY, J. This case in the court below was trover for a horse. The allegation of the plaintiff was, that the exchange of horses was conditional; that either party was to be at liberty to rescind, if not satisfied, within two weeks; that of the defendant, that it was an absolute exchange. The next day after the exchange the plaintiff took the horse he got, and tendered it to defendant, and demanded his own, which the defendant refused to give up.

There was an appeal to the Common Pleas, and on the trial of the appeal the plaintiff offered to prove that after the trial below a notice was served upon defendant by plaintiff to come and take away his horse, and that the defendant did so. This evidence was objected to by defendant as new testimony not offered before the justice, and as tending to prove matters which had happened since the former trial. The cases of *Sherron* v. *Humphreys*, 2 *Green's Rep.* 220, and *Ramsey* v. *Dumais*, 4 *Harr*. 66, decide that on the trial of an appeal the parties are confined to the same documents and the testimony of the

same witnesses offered before the justice; that the deposition of a sick or absent witness is the same evidence, (and it is presumed that what a deceased witness swore to in the first trial falls within the rule); that any matter pertinent to the issue may be proved by any witness sworn below, although not testified to before the justice; that the evidence need not be confined to the same point—the same subject matter. I entirely concur in the reasoning of Hornblower, C. J., in Sherron v. Humphreys, on this point. To complicate the trial of every appeal with the additional questions which every witness testifies to verbally or substantially in the court below would be in the highest degree inexpedient.

As the prohibiting provision now stands on the statute book, it differs from that in force when Sherron v. Humphreys was decided. In the last revision the original section, which contains the language, "no other documents, proofs, or witnesses shall be admitted," and the section of the supplement of 23d November, 1821, which declares that "the parties to the said appeal shall be confined to the same evidence that was offered upon the trial before the justice," have been blended. The section of the supplement is thrown into the shape of a proviso to the original section, omitting, however, the words "shall be confined to the same evidence," so that the only words limiting the evidence to be received on the appeal are now, "the same and no other documents, proofs, and witnesses." The revisors, by omitting the words "the same evidence," to be found in the supplement of 1821, have settled the difficulty growing out of the apparent contradictions involved in the use of the word "witnesses," and evidence not entirely synonymous. And we may now regard it as settled that the effect of the prohibition is to exclude only the testimony of new witnesses without an affidavit of newly-discovered evidence.

If, therefore, the evidence would have been competent on the trial before the justice if the notice had been

State v. City of Hudson.

served on defendant, and he had taken back his horse after the bringing of the suit before the justice and before the trial, I can perceive no good reason why it is not competent upon the appeal, if proved by witnesses sworn before the justice; and the presumption is that it was so proved, as the case is silent upon that point, and puts the objection upon another ground.

Was the evidence, then, incompetent because the facts transpired since the bringing of the suit and before the trial?

The evidence tended to show that the defendant, after the bringing of the suit against him, had by his conduct admitted that the exchange was conditional, and the horse he received back still his property. I think that was competent evidence from the mouths of witnesses sworn on the trial to prove such an admission. It would have been competent to prove any oral admission to that effect made after the commencement of the action, and admissions to be inferred from conduct fall within the same principle.

The judgment should be affirmed.